IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BONNIE COX and SHANE YARBROUGH,      )
individually and as next             )
friends and parents of ALYSSA        )
YARBROUGH, a minor,                  )
                                     )
      Plaintiffs,                    )
                                     )   No. 06-1263 B/P
v.                                   )
                                     )
NESTLE USA, INC. and NESTLE          )
NUTRITION USA,                       )
                                     )
      Defendants.                    )

_____

**ORDER DENYING PLAINTIFFS' MOTION TO ESTABLISH DEADLINE FOR
DEFENDANTS TO ASSERT COMPARATIVE FAULT OR IN THE ALTERNATIVE, TO
STRIKE THIS AFFIRMATIVE DEFENSE**
_____

Before the court by order of reference is plaintiffs Bonnie Cox and Shane Yarbrough's Motion to Establish Deadline for Defendants to Assert Comparative Fault or in the Alternative, to Strike this Affirmative Defense. (D.E. 50.) Defendants Nestle USA, Inc. and Nestle Nutrition USA (collectively "Nestle") filed a response in opposition to this motion. For the reasons below, the motion is DENIED.

This case stems from a permanent and severely disabling brain injury suffered by Alyssa Yarbrough after being diagnosed with meningitis and brain abscesses caused by a coliform bacteria known as Enterobacter sakazakii ("E. sakazakii"). The plaintiffs allege

that Alyssa was infected with E. sakazakii after consuming defendants' Good Start Supreme Soy and Supreme Milk products, and they bring several products liability claims. The amended complaint alleges causes of action for strict liability, negligence, failure to warn, and breach of warranty.

Plaintiffs filed this motion requesting that the court impose a deadline for Nestle to assert its comparative fault defense by identifying other potentially responsible parties or, alternatively, that the court strike the comparative fault defense for insufficiency. They argue that under Federal Rule of Civil Procedure 16(b), the court may in its discretion impose a deadline for Nestle to name other potentially responsible parties. They also argue that the court should strike Nestle's affirmative defense of comparative fault under Federal Rule of Civil Procedure 12(f) if Nestle does not amend its answer or supplement its interrogatory responses to identify the names of others who may be at fault.

Under Federal Rule of Civil Procedure 12(f), the court "may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). An assertion of comparative fault may be proper, even though it does not name a third party, if it provides reasonable notice of a third party's potential fault. Soper v. Wal-Mart Stores, Inc., 923 F. Supp. 1032, 1038 (M.D. Tenn. 1996). Reasonable notice coupled with discovery should allow a plaintiff

to determine the third party's identity. Soper, 923 F. Supp. at 1038; see also Kizziah v. Fire Mgmt. Sys., No. 1:04 CV 374, 2006 WL 218026, at *2 (E.D. Tenn. Jan. 27, 2006). Moreover, after a defendant asserts an affirmative defense of comparative fault, it is incumbent upon the plaintiff to conduct discovery or take other appropriate action to identify the third party. Kizziah, 2006 WL 218026, at *10. In its fourth affirmative defense, Nestle asserts that

> [t]he injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of plaintiffs and/or others, over whom Nestle exercised no control, had no opportunity to anticipate or right to control, and with whom Nestle had no legal relationship by which liability could be attributed to it because of the actions of plaintiffs and/or others, which by comparison was far greater than any conduct alleged as to Nestle. Nestle relies upon and invokes the doctrine of modified comparative fault and reserves the right to amend this Answer to name other potentially responsible parties as discovery continues.

(Answer at 6.) The court finds that this is sufficient to assert an affirmative defense of comparative fault. See Kizziah, 2006 WL 218026, at *2 (finding that defendant's answer raising affirmative defense of comparative fault but not mentioning a third party by name was sufficient to properly assert the defense); Soper, 923 F. Supp. at 1038 (finding an answer stating, among other things, that "the plaintiff's damages 'are the proximate result' of his negligence as well as the 'negligence and/or intentional misconduct of a third party over whom the defendant had no control'" adequately pled an affirmative defense of comparative fault).

Although Nestle did not identify any third parties by name, its defense adequately put the plaintiffs on notice that third parties may be at fault.

In addition, in response to interrogatory 2 which was served upon Nestle on August 23, 2007 and which asked for the names of persons or entities who may be liable in negligence for the claims asserted by plaintiffs, Nestle responded as follows: "Nestle USA states that potentially responsible parties include health care providers, care-givers, and people involved in the care and treatment of the infant." Presumably, the identities of Alyssa's health care providers, care-givers, and people involved in her care and treatment are known by plaintiffs or are obtainable by plaintiffs through discovery.[1] Therefore, plaintiffs' motion is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 26, 2008
Date

---

[1] If plaintiffs contend that Nestle's response to interrogatory 2 is deficient, they may file a motion to compel with the court after consulting with Nestle's counsel.